IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA MULVENA, individually and as Personal Representative of the Estate of GERALD MULVENA; and DANIELLE PABON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 19-1127-RGA |

MEMORANDUM

Before me is the Government's Partial Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1). (D.I. 4). I have reviewed the parties briefing and letters (D.I. 6, 9, 10, 11, 12, 13), and considered the Plaintiff's request for oral argument on this matter (D.I. 14). Because this court lacks subject matter jurisdiction over the claims and claimants not previously included in the administrative notice provided to the Department of Veterans Affairs, I will grant Defendant's motion.

I.  **BACKGROUND**

Gerald Mulvena died on March 10, 2018, of endocarditis caused by mycobacterium chimera. (D.I. 10, Ex. A at Box 10). On December 5, 2018, Mr. Mulvena's widow, Linda Mulvena, submitted a Standard Form 95 ("SF-95") asserting a claim with the Department of Veterans Affairs ("VA") for her husband's death. (*Id.*, Ex. A). On the form, Mrs. Mulvena sought $2.5 million for "personal injury" and $2.5 million for "wrongful death." (*Id.*, Ex. A, at Box 12).

1

The SF-95 asks for a "detail[ed]" account of "the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof." (*Id.*, Ex. A, at Box 8). Mrs. Mulvena's entry reads:

> Medical negligence. Breach in the standard of care, including, but not limited to, failure to diagnose and treat mycobacterium chimera.

(*Id.*). The SF-95 also asks for a description of the injury or cause of death that forms the basis of the claim. (*Id.*, Ex. A, at Box 10). Mrs. Mulvena's response was,

> Gerald J. Mulvena died on March 10, 2018 from complication [sic] of mycobacterium chimera, which the providers at the Wilmington VA Hospital failed to diagnose and treat. He is survived by his wife, Linda, and daughters.

(*Id.*). On January 22, 2019, Plaintiffs' counsel received confirmation from the United States Department of Veteran Affairs, Office of General Counsel, that Plaintiffs' Claim had been received. (*Id.*, Ex. B).

On June 18, 2019, Plaintiffs filed suit, alleging that the medical staff at the Wilmington Veterans Affairs Medical Center failed properly to diagnose and treat Mr. Mulvena's condition, to obtain appropriate informed consent, and "was otherwise negligent in their care and treatment." (D.I. 1 at ¶ 27). In their complaint, Plaintiffs Linda Mulvena and Danielle Pabon bring individual claims and Linda Mulvena brings a claim as personal representative of the estate of Mr. Mulvena. (*Id.* at ¶¶ 29-36).

## II. LEGAL STANDARD

### a. Motion to Dismiss

Rule 12(b)(1) of the Federal Rules of Civil Procedure mandates the dismissal of an action for "lack of subject matter jurisdiction." A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenging the court's jurisdiction is treated the same as a Rule 12(b)(6) motion. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). A Rule 12(b)(1) motion may be treated as

2

either a facial or factual challenge to the court's subject matter jurisdiction. *Constitution Party v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014). "In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Id.* at 358 (quoting *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012)). Because a "factual attack" in a Rule 12(b)(1) motion to dismiss addresses the court's power to hear the case, there is no presumption of truthfulness and the court may consider evidence outside the pleadings. *CAN v. United States*, 535 F.3d 132, 139 (3d Cir. 2008); *see also Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Plaintiffs have the burden of persuading the court that it has jurisdiction. *Gould*, 220 F.3d at 178.

### b. Federal Tort Claims Act

Congress has authorized the Federal Tort Claims Act ("FTCA") as an exclusive remedy to seek relief for tortious conduct by agents or employees of the United States or one of its agencies. 28 U.S.C. §2679(b)(1); *see also United States v. Smith*, 499 U.S. 160, 163 (1991). The FTCA requires that, prior to commencing litigation, the claimant "shall have first presented the claim to the appropriate Federal agency" for its review. 28 U.S.C. § 2675(a). If a claimant fails to exhaust this administrative remedy, the district court lacks subject matter jurisdiction to adjudicate the claim. *Lightfoot v. United States*, 564 F.3d 625, 626-27 (3d Cir. 2009). The FTCA's procedural requirements are to be "strictly construed." *Livera v. First Nat. State Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir. 1989). This exhaustion requirement cannot be waived. *Lightfoot*, 564 F.3d at 627.

Where there is more than one claimant in an action under the FTCA, "each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim." *Frantz v. United States*, 791 F. Supp. 445, 447 (D. Del. 1992). Each plaintiff must "show that they individually

3

satisfy all jurisdictional prerequisites: (1) written notice to the agency to commence an investigation; (2) a value was placed on the claim; and (3) if filed on behalf of another, evidence of authority to bring the claim." *Id.* at 450. In addition, "because wrongful death and survivorship claims are separate and distinct, the plaintiffs must also show that the single claim form submitted to the Government gave constructive notice of both causes of action." *Id.*

### III. DISCUSSION

Congress intended for Section 2675(a) of the FTCA to serve a notice function through the process of filing administrative claims prior to bringing suit.[1] "[P]laintiffs bear the burden of establishing that a proper administrative claim had been filed." *Livera*, 879 F.2d at 1195. Here, Mrs. Mulvena's SF-95 failed to identify the existence of multiple claimants, failed to demonstrate her authority to assert claims on behalf of Danielle Pabon or the Estate of Mr. Mulvena, and failed to put the United States on notice of all of the tortious acts and omissions now alleged in the complaint.

Plaintiffs argue that separate wrongful death and survivorship claims, and thus separate plaintiffs, can be inferred from the fact that Mrs. Mulvena claimed both damages for "personal injury" and for "wrongful death" on the SF-95. (D.I. 10 at 1-2). Plaintiffs argue that the wrongful death claim was initiated on behalf of Mrs. Mulvena and her daughter pursuant to Delaware's Wrongful Death Statute, codified at 10 *Del. C.* § 3724. (*Id.* at 1). Plaintiffs also construe the personal injury claim as a "Survivorship Claim" under Delaware law, pursuant to 10 *Del. C.* § 3701.

The SF-95's mention of the fact that Mr. Mulvena "is survived by his wife, Linda, and daughters" (D.I. 4, Ex. A at Box 10) is not sufficient to provide notice to the United States that

---

[1] It is unclear whether strict compliance with the filing requirements in an administrative claim fulfills an important notice function in cases in which, as here, the VA does not assess the claim in a timely manner.

4

one or more of those daughters may have claims for damages. *See Frantz*, 791 F. Supp. at 452 ("The mere mention of family members is insufficient to provide notice that each family member is asserting a separate claim."). Danielle Pabon was not listed on the form as a claimant and Mrs. Mulvena submitted no evidence of authority to act on behalf of Danielle Pabon or the estate of Mr. Mulvena.

The SF-95 is "simple, short, and accompanied by clearly written instructions."[2] *Id.* at 451. The instructions of the SF-95 are consistent with the regulations that require that the claim includes the title or legal capacity of the person signing, accompanied by evidence of legal authority to act on behalf of the claimant. *See* 28 C.F.R. § 14.2(a). To the extent Mrs. Mulvena intended to assert a claim on behalf of Mr. Mulvena's estate or on behalf of his daughter, she was instructed to provide proof of her authority to do so along with the SF-95. Even if Mrs. Mulvena's statement that Mr. Mulvena left behind "daughters" was enough to put the government on notice that Danielle Pabon was bringing a claim, Mrs. Mulvena failed to submit any documentation establishing her authority to act on behalf of Pabon, which is a requirement of the claim filing.

Plaintiffs also bring forth allegations in their complaint not previously included in the claim form. In the SF-95, Mrs. Mulvena alleges, "failure to diagnose and treat mycobacterium chimera." (D.I. 4, Ex. A at Box 10). Plaintiffs' complaint also asserts that the United States "failed to obtain appropriate informed consent," and "was otherwise negligent in their care and

---

[2] The instructions on the SF-95 provide in pertinent part:
> The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

D.I. 4, Ex. A.

5

treatment of Decedent." (D.I. 1 at ¶¶ 27(d)-(e)). Neither of these alleged failures is mentioned in the SF-95 and the Government argues that neither is fairly encompassed within a claim for "failure to diagnose and treat mycobacterium chimera." I agree that allegations regarding a lack of informed consent and general negligence in medical care are beyond the scope of the allegations listed in the claim form because the claim as stated would not have provided reasonable notice of the claims now alleged.

Submitting claims for wrongful death and personal injury, without more, is also inadequate to provide the Government with constructive notice to warrant investigation into claims for unidentified individuals. *See Frantz*, 791 F. Supp. at 449-50. Plaintiffs did not inform the VA as to the number of claimants and the names of such claimants on the administrative form or during subsequent communications. The existence and number of claimants contribute significantly to the amount that may be recovered under the Delaware statute for wrongful death, and thus, this information forms an important part of the notice function under the FTCA. *See id.* at 455. By failing to list this information in her administrative notice, Mrs. Mulvena did not provide the agency with sufficient information to investigate and estimate the claims now alleged.

Plaintiffs cite no Third Circuit cases nor cases from this district to support their contentions that the SF-95 provided adequate notice of the claims now brought in Plaintiffs' complaint. For example, Plaintiffs assert that Section 2675 calls only for minimal notice to federal agencies before bringing suit, citing cases in the First, Seventh, and Ninth Circuits. Under the precedent that binds this court, however, administrative presentment is "a jurisdictional requirement" to be "strictly construed." *Livera*, 879 F.2d at 1194.

Plaintiffs submit as supplemental authority *Estate of Michael Keating v. Coatesville VA Medical Center* to support their assertion that the single claim form here satisfies notice requirements and thus conveys jurisdiction. In *Keating*, the court held that a single claim form filed by a widow provided adequate notice of survivorship and wrongful death claims for the widow and the decedent's children. 2010 WL 4343179 (E.D. Pa. Nov. 2, 2010). Widow Marie Keating timely filed an SF-95 notifying the VA that she was bringing an action on behalf of Michael Keating's estate. The issue was whether the form encompassed causes of action for wrongful death and loss of consortium.

The court in *Keating* noted that presentment is a jurisdictional matter, but "strict compliance with the Standard Form 95 is not." *Id.* at *2. In accord with the FTCA regulations, the DOJ has established a procedure, using "Standard Form 95 or other written notification," for presenting a claim. *Id.*, citing 28 C.F.R. §14.2(a). Since the court found that "the regulation does not limit the form of the claim to a Standard Form 95," the "critical question" was "whether the VA had sufficient notice of the claim to undertake an investigation and settlement." *Id.* at *3. In making this determination, the court considered the VA's conduct with respect to the claim and its written correspondence with the claimant. *Id.*

In *Keating*, a VA staff attorney explicitly acknowledged Plaintiff's claims alleging both personal injury and wrongful death and requested the names and birth dates of the decedent's children in correspondence with the claimant's lawyer. This acknowledgment demonstrated that the VA had sufficient notice of the wrongful death claim and the individual parties claiming damages, and the court held as such. Here, there is an acknowledgment by the VA in its communications with Mrs. Mulvena's attorney that would suggest that it was aware of a claim filed "on behalf of the estate of Gerald Mulvena." *See* D.I. 10, Ex. C. Even if I were to find that

7

these communications establish that the VA was on notice of the claim brought on behalf of the estate, and here it is a close call, Mrs. Mulvena failed to establish that she was acting with requisite authority as a personal representative of the estate. *See Frantz*, 791 F. Supp. at 450. And unlike the case in *Keating*, in which the VA requested the names and birth dates of the decedent's children, there is no similar acknowledgment in its communications to Mrs. Mulvena that would suggest that the VA was aware of the additional claims now brought in the complaint and those brought by Danielle Pabon. *See* D.I. 10, Ex. D, Ex. E.

Plaintiffs have recently filed separate additional SF-95 forms with the Department of Veterans Affairs in an attempt to satisfy the requirement that the agency have notice of each Plaintiff's claim. (D.I. 12). This attempt fails to remedy the defects present here. The Third Circuit has held unequivocally, "The subsequent filing and denial of a claim after litigation has begun does not overcome the failure to exhaust administrative remedies." *George v. E. Orange Hous. Auth.*, 687 F. App'x 122, 124 (3d Cir. 2017) (citing *McNeil v. United States*, 508 U.S. 106, 111-12 (1993)). A claimant has two years from the time of accrual of the cause of action to file an administrative claim. 28 U.S.C. § 2675(a). If this date has not passed, Ms. Pabon may elect separately to file a claim with the VA and Mrs. Mulvena may elect to file on behalf of Mr. Mulvena's estate and Ms. Pabon after establishing authority to do so.

Plaintiffs suggest that their communications with the VA and the agency's failure to investigate within a six-month window justifies overlooking "technical objections" raised after the complaint was filed. (D.I. 10, Ex. D-E). "[T]he FTCA was not designed to defeat legitimate claims on the bases of mere technicalities." *Dondero v. United States*, 775 F. Supp. 144, 147 (D. Del. 1991). "Basic notice of the claim is not an insignificant technicality," however. *Id.* at 148.

"Federal courts do not possess subject matter jurisdiction unless the agency has an opportunity to review the claim." *Id.*

"The importance of notice to create subject matter jurisdiction is well-established and providing such notice is easy to do." *Frantz*, 791 F. Supp. at 455. In light of the Third Circuit's guidance that the FTCA guidelines be "strictly construed," Plaintiffs have not met their burden of convincing this court that the VA had adequate notice of the allegations now brought in the complaint and of the various plaintiffs who may have a stake in the claims. *See Livera*, 879 F.2d at 1194. Thus, there is no subject matter jurisdiction over the claims and claimants not previously included in the administrative notice provided to the VA. The allegations contained in Plaintiffs' complaint (D.I. 1) at paragraph 27(d)-(e) will be struck.

## IV. CONCLUSION

Thus, Defendant's Partial Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction (D.I. 4) is GRANTED. The allegations in the complaint at paragraph 27(d)-(e) are STRUCK. The claims of Pabon, individually and Mulvena on behalf of the estate are DISMISSED. Plaintiff's request for oral argument (D.I. 14) is denied.

An accompanying order will be entered.